# Brown v. Longbottom.

A judgment of a Justice of the Peace will be set aside where it is shown that the judgment was not entered on the day as set forth in the. transcript.

A judgment of a Justice of the Peace will be set aside where it is shown that the judgment was not a conclusion arrived at by the Magistrate but that it was entered by advice of his Counsel.

JUDGMENT—TRANSCRIPT—COUNSEL—VALIDITY OF JUDGMENT.

No. 121, June Term, 1902, C. P. Delaware County.

Certiorari to Alfred C. Rhoads, Alderman of the City of Chester.

Wm. B. Harvey, Esq., for Certiorari.

The facts appear by the opinion of the Court.

Opinion of ISAAC JOHNSON, P. J. filed January 26th, 1903.

The judgment in this case according to the return of the Justice was entered on June 21st, Ten-forty-five a. m. It does not give the year, but as the writ was issued June 16th, 1902, and made returnable June 21st at Ten-thirty a. m., it may possibly be presumed that the year was 1902.

The defendant did not appear and judgment was entered against him for $4.00 and costs.

According to the testimony taken on the hearing of this Certiorari it appears that judgment was not entered on June 21st, as set forth in the transcript and was not entered on that day. This of itself would be sufficient to set aside the judgment. It appears from the testimony also that this Judgment was not a conclusion arrived at by the Magistrate, but that it was entered by advice of his Counsel. This of itself would be sufficient to set the judgment aside. It is not the judgment of Counsel but that of the Magistrate which the law recognizes. Judgment reversed.

Reported by H. J. Makiver, Esq.,

Media, Pa.